IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARY JOHN GARRETT BYRD                                              PLAINTIFF

v.                                                   Civil No.: 1:18-cv-00036-GHD-RP

COMFORT INN-TUPELO, MISSISSIPPI, *et. al.*                         DEFENDANTS

## MEMORANDUM OPINION

Before this Court are two motions to dismiss for insufficient service of process [37, 39] filed by LeeB2, LLC, ABRMP Management LLC, and Bruce Patel. Having considered the matter, the Court finds the motions should be granted.

### Background

Plaintiff Mary John Garrett Byrd alleges that, while she was a guest at the Comfort Inn in Tupelo, Mississippi, employees of the hotel entered her room without notice and had an officer of the Tupelo Police Department arrest her without cause. *See* Compl. [1] ¶ 7. She now sues several entities and individuals who owned, managed, and worked at the hotel for civil rights violations and state law tort claims.

Despite the entirety of the incident occurring in Tupelo, which is located in this district, and despite the fact that all defendants appear to reside within this district, Byrd filed this suit in the United States District Court for the Middle District of Alabama. The complaint named four defendants: corporate defendants Comfort-Inn Tupelo and Fusion Hospitality, LLC, and individual defendants Bruce Patel and Amanda Daniels.[1] That court transferred venue to this Court on February 2, 2018.

---

[1] Comfort-Inn Tupelo and Fusion Hospitality are not entities that exist—Comfort-Inn Tupelo is a property owned by LeeB2, LLC and Fusion Hospitality is a trade name of ABRMP Management LLC.

1

Before the case had been transferred, Byrd attempted to serve each of the Defendants by certified mail as permitted under Alabama Rules of Civil Procedure. According to the return receipts [Doc. Nos. 5 through 6] Byrd mailed summons to each of the Defendants at the same address—the physical address of the Comfort Inn in Tupelo. The return receipt addressed to Fusion Hospitality was signed by "M. Jones." [5] The return receipts addressed to Amanda Daniels and Bruce Patel were signed by "DSM." [6] The return receipt addressed to Comfort-Inn is signed by "N. DePriest." [7]

LeeB2, LLC, ABRMP Management, LLC, and Bruce Patel now move to dismiss the complaint against all defendants, arguing that Byrd did not serve any of them with sufficient process. Byrd has not responded, the time to do so has passed. The matter is ripe for review.

### Legal Standard under Rule 12(b)(5) for Insufficient Service of Process

A motion pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the mode of delivery or lack of delivery of the summons and complaint. A Rule 12(b)(5) motion "turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). The party making the service has the burden of demonstrating the validity of service when an objection to that service is presented to the court. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

### Analysis

Defendants argue that Byrd has failed to obtain sufficient service of process against them because there is no proof the summons was delivered to the appropriate persons. Byrd bears the burden of showing that service was sufficient. She has failed to respond, and therefore this Court could grant Defendants motion for that reason alone. However, Defendants motions are also due to be granted on their merits.

The Federal Rules of Civil Procedure do not provide for service of process by certified mail. Though the rules do provide for obtaining a *waiver* of service by mail, there is no indication that Defendants have made such a waiver. *See* FED. R. CIV. P 4(d). Thus, service of process on Defendants was only proper if it was done in accordance with state law in either the state where the district court was located (Alabama) or where service was made (Mississippi) pursuant to Rule 4(e)(1).

Mississippi's rules provide that a person located in the state may be served by mail if the plaintiff provides, along with the summons and complaint, a notice and acknowledgement of service to be returned to the plaintiff by defendant. MISS. R. CIV. P.. 4(c)(3)(A). However, if the acknowledgement is not returned, service must be made in another manner permitted by the rules. *Id.* 4(c)(3)(B).

Byrd served Daniels and Patel, Mississippi residents, by mail, but there is no evidence that she obtained an acknowledgement of service of process from either Patel or Daniels. Further, she has not submitted any evidence that she served them in any other manner. Thus, there was insufficient service of process under Mississippi law.

Alabama law permits the service of individuals by certified mail. AL. R. CIV. P. 4(i)(2). Such service of process is complete only when the return receipt has been signed by "the named addressee or the addressee's agent." *Id.* 4(i)(2)(C). "Agent" means an individual "specifically authorized by the address to receive the addresses mail and to deliver that mail to the addressee."

The return receipts for Patel and Daniels are signed by an individual with the initials "DSM". It is clear that neither Patel nor Daniels signed the return receipt, and Byrd presents no evidence that "DSM" is an agent authorized to receive mail for either Patel or Daniels. Accordingly, no proper service has been made on either.

As to the corporate defendants, Alabama and Mississippi rules both provide that service of process upon an entity can be made by mailing the appropriate documents to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." MISS. R. CIV. P.(4)(d)(4); AL. R. CIV. P. 4(c)(6) (Service upon corporations and other entities must be delivered to "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.")

Byrd's attempted service fails on the corporate Defendants for several reasons. First, as stated earlier, under Mississippi law, attempted service by mail is not effective unless the defendant returns an acknowledgment that service has been made. Here, there is no evidence that an acknowledgement of service was obtained on behalf of these Defendants, or that service was made in another manner.

Second, under Alabama law, attempted service of a business entity through certified mail cannot be addressed to the business entity itself but rather to a specific person as identified by the rules. *Ex parte LERETA, LLC*, 226 So. 3d 140, 145 (Ala. 2016). Thus, the attempted service is insufficient under Alabama law because the mailings were not addressed to specific individuals, but to the entities themselves—and in fact they were addressed to the wrong entities.

Finally, the attempted service was insufficient under the laws of both states because there is no evidence that it was served on the appropriate agents. The registered agent for LeeB2, LLC, was John Crowell, whose address was in Columbus Mississippi. Statement of Registered Agent – LeeB2, LLC [39-1]. The registered agent for ABRMP Management, LLC, was Bhupender Patel, whose address was in Tupelo, but different from the one listed on the mailing addressed to Fusion Hospitality[2]. Statement of Registered Agent – ABRMP Management, LLC [39-2]. Neither return

---

[2] Again, Fusion Hospitality was a trade name for ABRMP Management.

receipt was signed by the registered agent or any of the listed officers and directors for the two companies. There is no evidence that the individuals who signed each return receipt—"M. Jones" and "N. DePriest"—were authorized to accept service of process on behalf of the companies. Accordingly, no service of process has been made on any of the Defendants.

When proper service has not been made within 90 days, the court "must dismiss the action without prejudice or order that service be made within a specified time." FED. R. CIV. P. (4)(m). Even when a plaintiff lacks good cause for failing to serve the defendant, "the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir.2008).

The Court finds this an appropriate case to extend the time in which to serve Defendants. Byrd appears to be the victim of her initial attorney's incompetence. As said by Judge Thompson in his opinion and order transferring the case to this Court "[t]he complaint is very poorly drafted, and plaintiff's counsel repeatedly failed to respond to court orders, and offered unacceptable excuses for doing so." Opinion and Order [28] at p. 1. Counsel clearly made no effort to properly serve the parties in this case, even under the rules of the state in which she practices law. After the case was transferred, this Court notified Byrd's initial counsel that she was not admitted to practice before this Court. Counsel made no attempts to become admitted before this Court, *pro hac vice* or otherwise, and was terminated from the case on May, 4, 2018. An attorney admitted to practice before this Court made an appearance on behalf of Byrd on April 14, 2018. Byrd's local counsel has also failed to file any responses to the present motions.

The Court thus hereby notifies Byrd that her claims against all Defendants will be dismissed unless on or before July 2, 2018, Byrd files proof of service with the Court demonstrating that she has properly served each defendant.

## Conclusion

For the foregoing reasons, the Court shall grant Defendants' motions to dismiss for insufficient service of process [37, 39]. Plaintiff has until July 2, 2018, to properly serve these Defendants or face dismissal of her claims against them.

An order in accordance with this opinion shall issue this day.

This the 21st day of May, 2018.

UNITED STATES DISTRICT COURT JUDGE