UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARY JOHN GARRETT BYRD                                    PLAINTIFF

v.                                         Civil No. 1:18-cv-00036-GHD-DAS

COMFORT INN-TUPELO, MISSISSIPPI;
FUSION HOSPITALITY, LLC; &
LEE B2, LLC                                              DEFENDANTS

---

## MEMORANDUM OPINION

Before this Court is Defendants LeeB2, LLC and ABRMP Management's[1] motion for judgment on the pleadings. Doc. 56. Upon due consideration, and for the reasons set forth below, the Court finds the motion should be granted.

### Background

According to the complaint, the Plaintiff, Mary John Garrett Byrd, who is white, and her husband were guests at the Comfort Inn hotel in Tupelo, Mississippi in February 2017. Compl. [1] ¶ 7. The complaint alleges that Byrd and her husband checked into the room on February 14 and intended to stay for several days. *Id.* However, on February 15, the hotel staff, who were black, informed the Tupelo Police Department that Byrd was unlawfully in the room. *Id.* A police officer and the hotel staff entered the room, and the officer arrested Byrd. *Id.*[2]

---

[1] The style of the case names Comfort Inn-Tupelo, Mississippi, as a defendant. However, no such entity exists. Comfort Inn-Tupelo is a hotel property owned by LeeB2, LLC. Similarly, the named defendant Fusion Hospitality, LLC is a trade name for ABRMP Management, LLC.

[2] Although irrelevant for the purposes of this motion, and not considered by the Court, evidence submitted by the defendants alongside their motion to dismiss paints a far different picture of what happened. According to the registration card signed by Byrd's husband, the couple reserved the room only for the night of the 14th, and were supposed to check out by 11:00 a.m. on the 15th. Registration Card, Doc. 56-2. According to the police report, by 12:15 p.m. on the 15th, Byrd had still not left the room. Hotel staff called police, who attempted to get Byrd to leave the room. Police Report, Doc. 56-1. Byrd had dead-bolted the door, so no one could enter the room. Police were eventually able to get Byrd, who was irate through the whole ordeal, to gather her things and leave

Byrd then filed this complaint, asserting numerous civil rights and state tort law claims against Defendants. Defendants now move for judgment on the pleadings. Byrd filed no response[3], and the matter is now ripe for review.

## Standard of Review

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v.*

---

the room. As Byrd transported her bags to her car—one at a time—she walked to one of the officers who was holding a door for her, put her finger in his face, and told him to get out of her way. For that, Byrd was arrested.

[3] This is not the first instance Byrd or her counsel have failed to abide by Court orders and deadlines. While this case was still in the Middle District of Alabama, Defendants filed a motion challenging personal jurisdiction and venue in that court. Byrd filed no response to that motion. The Alabama court then ordered her to show cause why the motions should not be granted, but still Byrd filed no response.

After the case was transferred to this Court, the magistrate judge ordered Byrd's counsel, who was not admitted before this Court, to file for admission *pro hac vice* or be removed from the case. Byrd's counsel waited over two months after her response was due to file for admission.

Meanwhile, Defendants filed another motion to dismiss for insufficient service of process. Byrd did not respond to that motion either. The Court granted the motion and provided Byrd with additional time to serve the Defendants. After being served, Defendants filed the pending motion. Yet again, Byrd filed no response.

*Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### Anaylsis

### 1. The complaint fails to state a claim for relief under federal law.

The Court first identifies the federal statutes upon which she bases her claims, of which there are several. The complaint asserts that Byrd's claims arise under 29 U.S.C. § 216(b), 29 U.S.C. § 2617(a)(2), 42 U.S.C. § 1981, 42 U.S.C. §1983, and 42 U.S.C. § 2000e-5(f).

3

Of those, per their respective texts, 29 U.S.C. § 216(b) (the Fair Labor Standards Act), 29 U.S.C. § 2617(a)(2) (the Family and Medical Leave Act); and 42 U.S.C. § 2000e-5(f) (Title VII), each apply only to employment relationships. Clearly, Byrd does not claim that Defendants ever employed her, and so any claims arising under those statues must be dismissed.

That leaves § 1981 and § 1983. There are three elements of a § 1983 claim: "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Here, Byrd sues two private actors, not any government official or officer. To hold a private actor liable under § 1983, the plaintiff must show that "the private citizen was a 'willful participant in joint activity with State or its agents.'" *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004) (quoting *Cinel v. Connick,*, 15 F.3d 1338, 1342 (5th Cir. 1994)). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.*

Here, Byrd alleges only that hotel employees informed the Tupelo Police Department that Byrd was unlawfully in the room, and that the employees unlocked the door to the room for the officer to get in. What the complaint does not allege, however, is any specific facts evincing a conspiracy between the staff and the officer to commit an illegal act. For "a private party [to] be liable as a state actor for filing a complaint with law enforcement" there must be allegations that the law enforcement officer "'acted in accordance with a preconceived plan to take action merely because [the action] was designated . . . by the private party;'" and the officer "'did so without independent investigation'" *Michael v. Boutwell*, 138 F. Supp. 3d 761, 778 (N.D. Miss. 2015) (quoting *Sims v. Jefferson Downs Racing Ass'n.*, 788 F.2d 1068, 1078–79 (5th Cir. 1985)). The complaint wholly lacks any facts that the staff and officer acted in concert to illegally arrest Byrd. It thus fails to state claim for relief under § 1983.

4

Finally, the Court turns to § 1981. Section 1981 prohibits the denial of certain enumerated rights on the basis of race or alienage. 42 U.S.C. § 1981(a). Unlike § 1983, it applies to private actors. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). To make a claim for discrimination under § 1981 "a plaintiff must allege facts in support of the following elements: (1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994).

Beyond noting that Byrd is white and that the hotel employees were black, the complaint contains no facts that show hotel staff intended to discriminate against Byrd because of her race. Again, the sole allegation as it relates to the employees is that they informed the police that Byrd was not lawfully in the room and opened the door for the police. There is no mention of words or other acts taken by hotel staff that show these actions were motivated by a racial animus. For that reason, the complaint fails to state §1981 claim.

## 2. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law tort claims.

Byrd makes a litany of state law tort claims in addition to her federal law claims. They include intentional infliction of emotional distress, assault, slander *and* libel, tortious interference with a business relationship, and invasion of privacy. The facts supporting these causes of action appear to be as vague and conclusory as those supporting her federal ones. Nonetheless, the Court does not address the merits on these issues; instead, having dismissed all of Byrd's federal causes of action, the Court declines to exercise supplemental jurisdiction over the state law claims.

"Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it 'has dismissed all claims over which it has original jurisdiction.'" *Heggemeier v. Caldwell County, Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting statute). "'District courts enjoy wide discretion in determining whether to retain supplemental

jurisdiction over a state claim once all federal claims are dismissed.'" *Alexander v. State of Mississippi*, 655 F. App'x 989, 993 (5th Cir. 2016) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). Factors to consider in the determination of whether to exercise supplemental jurisdiction include the statutory factors set forth in 28 U.S.C. § 1367, as well as "common law factors of judicial economy, convenience, fairness, and comity." *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009)). "The dismissal of all federal claims provides 'a powerful reason to choose not to continue to exercise jurisdiction.'" *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 201 (5th Cir. 2015) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).

The Court concludes that it should follow the general rule in this case. In this case, Court has dismissed all federal claims and thus may decline to exercise supplemental jurisdiction based on 28 U.S.C. § 1367(c)(3). Therefore, it declines to exercise supplemental jurisdiction, and dismisses Byrd's state law claims.

### Conclusion

For these reasons, the Court finds that the complaint fails to state claim for relief under federal law. The Court further finds it should not exercise supplemental jurisdiction over the plaintiff's state law claims. Accordingly, the motion for judgment on the pleadings is granted, and plaintiff's claims are dismissed.

SO ORDERED, this the 23 day of January, 2019.

SENIOR U.S. DISTRICT JUDGE